UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                CASE NO. 5:05cv231/RS/AK

ROBERT B. SHACKLETTE, et al,

    Defendants.

_____/

### ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Before me is Defendants Robert Shacklette and Darlene Shacklette's Motion for Partial Summary Judgment for tax years 1992 and 1993 based on the expiration of the statute of limitations. (Doc. 65).

### I. FACTS

This action involves the statute of limitation to enforce tax assessments. According to the complaint, a delegate of the Secretary of the Treasury made assessments in accordance with the law against Defendant for income taxes, penalties, and interest for the years 1992 through 2002. (Doc. 1).  The assessments for 1992 were made September 5, 1994, and the assessments for 1993 were made June 5, 1995. Id.

The Plaintiff first filed a complaint to reduce the assessments to judgment on September 7, 2004, in the United States District Court for the Eastern District of Kentucky.  Plaintiff later filed a complaint on November 2, 2005, to enforce the same assessments in the United States District Court for the Northern District of Florida while the case in the Eastern District of Kentucky was pending.  It is undisputed that the

applicable statute of limitation requires a "proceeding in court" within ten years from the date of the assessment in order for the government to collect from the Defendant. 26 U.S.C. § 6502(a)(1).

## II.  ANALYSIS

### A. The Summary Judgment Standard

Under Fed. R. of Civ. P. 56(c), summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)).  A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." Anderson, 477 U.S. at 248; Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477

U.S. at 251, 106 S. Ct. at 2512.  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993); Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992).  Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir.1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir.1985)).  However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, 477 U.S. at 251, 106 S. Ct. at 2511).

**B. Computing Ten Years**

According to Plaintiff's complaint, the assessments for 1992 were made September 5, 1994, and the assessments for 1993 were made June 5, 1995. (Doc. 1). The precise date ten years after September 5, 1994, was September 5, 2004, a Sunday.  The following date, September 6, 2004, was Labor Day.  Labor Day is a legal holiday. Fed. R. Civ. P. 6(a).  When computing the ten year statute of limitations, Saturday, Sunday, and legal holidays are excluded in the computation. Id.  Thus, the statute of limitation expires for the 1992 assessments on September 7, 2004.  The

precise date ten years after June 5, 1995, was June 5, 2005, a Sunday. Thus, the statute of limitation for the 1993 assessments ends on June 6, 2005.

**C. Proceeding in Court**

The applicable statute of limitation requires a "proceeding in court" within ten years from the date of the assessment in order for the government to collect from the Defendant. 26 U.S.C. § 6502(a)(1). The issue is did the Plaintiff file before the statute of limitations. It turns on whether the complaint to reduce assessments to judgement filed in the Eastern District of Kentucky by Plaintiff on September 7, 2004 is considered a "proceeding in court." Id. A complaint to reduce assessments to judgement filed in a different jurisdiction is considered a "proceeding in court." Moyer v. Mathas, 458 F.2d 431 (5th Cir.1972). Therefore, the Plaintiff filed timely.

### III. CONCLUSION

Defendants' Motion for Partial Summary Judgment (Doc. 65) is **DENIED**.

**ORDERED** on September 26, 2007.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**